Concurring Opinion.
Fenner, J.
While approving the decree rendered in this cause, I cannot concur in the reasons assigned in the opinion of the majority of the Court.
I do not regard the action of the Judge, in discharging the function imposed on him by law, of approving the warrant of the clerk for his salary, as a juclieial act, in the sense or spirit in which it is treated in the majority opinion.
Abbott defines “judicial,” as “pertaining to the administration of justice in courts,” “judicial authority,” as “the official right to hear and determine questions in controversy,” “judicial decision,” as “the determination of a court or a judge in a cause.”
Judicial discretion only arises in the exercise of judicial authority, which presupposes the existence of some cause or controversy submitted to the Judge for decision in the customary form of judicial proceedings.
It is manifest that the function imposed upon the Judge of approving the warrants of the clerk, as a condition precedent to their payment at the treasury, possesses none of the characteristics of judicial action in *1117 the sense referred to. It contemplates no proceeding whatever in court, nor any record-thereof in the court. It might he performed by the Judge at any time and anywhere, on the street, or even in a different parish or State, or country. If any controversy exists, it is solely between the clerk and the Judge himself.
The clerk has the absolute right to have his salary, as provided by law, paid; and it is the absolute duty of the Judge to approve his warrants therefor. When the clerk demands of the Judge the performance of this duty, and the Judge refuses, a controversy arises between the clerk and the Judge himself, which the Judge cannot determinefor himself, but which the clerk has the right to refer, like other controversies, to the determination of competent judicial power. The Judge has no discretion in the matter, except that discretion which every man has to determine for himself, primarily, what are his rights and obligations ; hut if that determination be contested by the adverse claimant, in the exercise of a like primary liberty, the latter has the right to invoke a settlement of the controversy by the judicial power.
If these views he correct, however, the Relator herein must, never-’ theless, be denied the relief sought at our hands, because we have no original jurisdiction of such a case, and for this reason, I concur iu the. decree.
I am not called upon to express any opinion as to whether a duty of this kind can be imposed by law upon Judges of the' District Court, under Art. 92 of the Constitution. That- question, and its hearing upon the rights of parties, should only be decided when properly presented.